**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL MERRITT, | No. 18-55457 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00606-DOC-JCG |
| v. | |
| ALEX PADILLA, Secretary of State of California, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 7, 2019
Pasadena, California

Before: FARRIS and McKEOWN, Circuit Judges, and KENDALL,[**] District
Judge.

Paul Merritt appeals the district court's dismissal of his First Amendment,

equal protection and due process claims, brought after the California Secretary of

State's 2016 voter information guide listed him as having "No Party Preference,"

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

instead of using his preferred "Independent Registered voter" label. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and affirm the district court.

We review *de novo* a district court's dismissal for failure to state a claim under Fed. R. Civ. P.12(b)(6). *Carlin v. DairyAmerica, Inc*., 705 F.3d 856, 866 (9th Cir. 2013).

We note that Merritt stipulates the guide is a limited public forum, and his appeal therefore cannot succeed if the Secretary of State's actions were reasonable and did not constitute viewpoint discrimination. *Cogswell v. City of Seattle*, 347 F.3d 809, 814 (9th Cir. 2003).[1] A rule consistent with the purpose for which a forum was created "cannot form the basis of a viewpoint discrimination claim absent evidence that the government is intending to 'suppress expression merely because public officials oppose the speaker's view.'" *Id*. at 816 (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37 at 46 (1983)). The Secretary of

---

[1] The Circuit's language differentiating various public forums has shifted, with "designated public forum" and "limited public forum" first being used somewhat interchangeably, then later distinctly. *Compare Kaplan*, 894 F.2d at 1079–80 (describing the three categories of forums as traditional, designated/limited, and nonpublic) *with Seattle Mideast Awareness Campaign v. King Cty*., 781 F.3d 489, 496 (9th Cir. 2015) (observing that public forums fall "into three categories: traditional public forums, designated public forums, and limited public forums"). Even if the the voter guide is a designated public forum, the Secretary of State would prevail under the applicable test of a content-neutral, narrowly-tailored restriction. *See Flint v. Dennison*, 488 F.3d 816, 830 (9th Cir. 2007).

State's use of the "No Party Preference" heading was part of a uniform categorization that did not discriminate against Merritt's viewpoint. Further, Merritt's repeated self-description as "independent" elsewhere in his statement was left unchanged.[2] The voter guide's standardized heading system was also reasonable, in that it carried out the legislative mandate to make the guide "easier to understand or useful for the average voter." Cal. Elec. Code § 9084(e). *See Chamness v. Bowen*, 722 F.3d 1110, 1119 (9th Cir. 2013). Merritt's First Amendment claim accordingly fails.

The district court also correctly dismissed Merritt's equal protection claim as derivative of his First Amendment claim. *See Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001).

Merritt's due process claim hinges on his contention that the Secretary of State was required to file a lawsuit in order to alter his candidate submission. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Merritt cites no authority suggesting a protected interest in the publishing of his unedited submission, especially given

---

[2] Appellant's Motion to Take Judicial Notice of this statement, (Dkt. 10), is granted. Appellant's Motion for Miscellaneous Relief, (Dkt. 23), is denied as moot.

3

Cal. Elec. Code § 9084(i)'s provision that the Secretary of State controls the procedures used to prepare the guide. Merritt's argument originates in his misreading of Cal. Elec. Code § 9092, which states that after the Secretary of State has made the voter guide public, "[a]ny elector may seek a writ of mandate requiring a copy to be amended or deleted from the state voter information guide," and that "[i]f the proceeding is initiated by the Secretary of State, the State Printer shall be named as the respondent." Merritt did not allege the Secretary of State failed to make the contents of the voter guide publicly available before printing, or that Merritt sought a writ and was ignored. The district court properly dismissed the due process claim.

**AFFIRMED.**

4